**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROGER BRADFORD, )
ADC # 78948 )
   Petitioner, )    **Case No. 5:12-CV-00077 JMM-JTK**
)
v. )
)
RAY HOBBS, Director, Arkansas )
Department of Correction )
   Respondent. )

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

     The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1.  Why the record made before the Magistrate Judge is inadequate.

  2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Roger Bradford on February 21, 2012. (Doc. No. 1). A response was filed by Respondent Ray Hobbs on June 5, 2012. (Doc. No. 12). Petitioner did not file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED and that all pending motions should be DENIED as moot.

## Background

After a controlled-drug buy on February 28, 1992, the Arkansas County Prosecuting Attorney filed a March 20, 1992 information charging Petitioner with delivery of a controlled substance as a habitual offender. Petitioner was convicted on June 27, 1996, in Arkansas County Circuit Court case number CR 1992-28, and he was sentenced to a term of life imprisonment in

the Arkansas Department of Correction. Petitioner subsequently appealed his conviction based on a speedy-trial claim, and the Arkansas Supreme Court reversed and dismissed the conviction. *Bradford v. State*, 329 Ark. 620, 953 S.W.2d 549 (1997). This overturned conviction apparently forms the basis for the present Petition. (Pet. at 1).

Petitioner was also arrested on January 15, 1992, when he was found to be in possession of almost 114 grams of rock and powdered cocaine. Petitioner was convicted of possession of cocaine with intent to deliver on June 22, 1995, in Arkansas County Circuit Court case number CR 1992-1, and he was sentenced to a term of life imprisonment in the Arkansas Department of Correction. This conviction was affirmed by the Arkansas Supreme Court on June 2, 1997, in *Bradford v. State*, 328 Ark. 701, 947 S.W.2d 1 (1997). Petitioner subsequently sought postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37, but this was denied by the Arkansas County Circuit Court. His appeal was dismissed by the Arkansas Supreme Court on September 10, 1998, pursuant to Arkansas Supreme Court Rule 4-5 for failure to file a brief. *Bradford v. State*, No. CR 97-1409; Resp. Ex. 4, Doc. No. 12. Finally, Petitioner then filed a state petition for writ of habeas corpus, but his petition was denied by the Arkansas County Circuit Court. The subsequent appeal was denied by the Arkansas Supreme Court on March 4, 1999. *Bradford v. Reed*, No. 98-1462, 1999 WL 118031 (unpublished).

On March 17, 1998, Petitioner filed a federal habeas petition challenging his conviction, but that action was dismissed without prejudice for failure to exhaust available remedies because Petitioner's Rule 37 petition was still pending in state court. *Bradford v. Norris*, No. PB-C-98-124; Resp. Ex. 3, Doc. No. 12. Petitioner filed another federal habeas petition on May 17, 1999, and that petition was ultimately dismissed with prejudice. *See Bradford v. Norris*, No. 5:99-cv-175-JMM (E.D. Ark. 2002), Doc. Nos. 32, 34, 43.

Strangely, Petitioner filed another state habeas petition on December 15, 2009, alleging that he was being held pursuant to an illegal conviction in Arkansas County Circuit Court No. CR 92-28. Although his petition mentioned numerous convictions, it appeared to primarily assert "that he was still being held by the ADC, even though this conviction was reversed on appeal." *Bradford v. State*, 2011 Ark. 494, 2011 WL 5588934 (Nov. 17, 2011) (unpublished) (per curiam). His petition was denied by the Arkansas County Circuit Court, and the Arkansas Supreme Court denied his appeal on November 17, 2011. *Id.*

As with his most recent state habeas petition, the current habeas petition is primarily based upon the overturned life sentence in the first case described above, CR 92-28. Petitioner appears to believe that the outcome in CR 92-28 releases him from liability for his earlier and unrelated convictions, including CR 92-1 (the latter-mentioned case), on which he is presently serving a life sentence. (Pet. at 1, 11).

## Discussion

Petitioner raises a large number of claims, but the merits of these arguments do not need to be reached. If the petition is taken at face value, the Court lacks jurisdiction to entertain the matter because it is based upon a conviction for which Petitioner is not in custody. *See* 28 U.S.C.A. § 2254 (extending jurisdiction for district courts to entertain applications for writs of habeas corpus from persons "in custody pursuant to the judgment of a State court"). Petitioner is currently serving the life sentence he received in CR 92-1, not CR 92-28. He is not in custody pursuant to any judgment rendered in CR 92-28, and he has already been granted relief from that conviction.

To the extent that Petitioner seeks relief from his conviction in CR 92-1, the Court lacks jurisdiction to consider his claims because this would mean that his petition is a successive one.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A).  Petitioner has not sought or received "authorization from the Court of Appeals before filing his second challenge," so the Court cannot hear any arguments based upon the life sentence that he is currently serving. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In the alternative, Petitioner's claims would be barred by the statute of limitations even if the abovementioned defects were not present.  Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*  It is clear that the limitations period expired at least a decade ago.  Accordingly, the Court finds that Petitioner's petition should be dismissed for lack of jurisdiction, or in the alternative, as time barred.  Petitioner currently has two pending motions to amend his petition, but these amendments would be futile because they do not cure the deficiencies described above.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED, and all pending motions are also DENIED as moot.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 24th day of September, 2012.

                                                                               _____
                                                                                United States Magistrate Judge